UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| TERRELL GAULDEN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV414-123 |
| ) | CR499-001 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Serving a 365-month sentence, doc. 158,[1] Terrell Gaulden has filed a second 28 U.S.C. § 2255 motion attacking his 1999 conviction for drug and firearm offenses. Doc. 380; *see also* doc. 193 (first § 2255 motion), doc. 209 (denying it). This time he challenges his sentence by invoking *Alleyne v. United States*, ___U.S. ___, 133 S. Ct. 2151 (2013) (extending what's known as the *Apprendi* doctrine to statutory minimum penalties by holding that "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury"). Doc. 380 at 6, 9-17.

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

However, "*Alleyne*'s rule does not apply retroactively on collateral review." *Chester v. Warden*, 552 F. App'x 887, 891 (11th Cir. 2014); *United States v. Winkelman*, 746 F.3d 134, 136 (3rd Cir. 2014); *McKeever v. United States*, 2014 WL 2593328 at * 5 (S.D. Ga. June 9, 2014). In any event, Gaulden must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement). In fact, this Court must dismiss second or successive petitions, without awaiting any response from the government, absent prior approval by the court of appeals. *Tompkins v. Sec'y, Dep't of Corrs.*, 557 F.3d 1257, 1259 (11th Cir. 2009); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

Because Gaulden has filed this latest § 2255 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider it. Consequently, it should be **DISMISSED** as successive. Applying the Certificate of Appealability (COA) standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma*

*pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED,** this 20th day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA