```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF GEORGIA
                       SAVANNAH DIVISION
```

UNITED STATES OF AMERICA      *
                              *
v.                            *       CR 499-001
                              *
TERRELL GAULDEN               *

O R D E R

In the captioned criminal matter, Defendant Terrell Gaulden recently filed a pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) based upon the First Step Act of 2018, Publ. L. No. 115-391, 132 Stat. 5194. The Government opposes the motion. The Court resolves the matter as follows.

Terrell Gaulden and his twin brother and co-defendant Derrell Gaulden were convicted by a federal jury in 1999 on multiple counts of distribution of cocaine base ("crack cocaine"); one count of possession with intent to distribute cocaine hydrochloride; one count of carrying a firearm during and in relation to a drug trafficking crime; and one count of drive-by shooting. Terrell Gaulden was also convicted of two counts of possession of a firearm by a convicted felon.

The Gaulden brothers distributed substantial quantities of cocaine, particularly crack cocaine, in the rural area of Hinesville, Georgia in this district in the mid-1990s. The drug operation also involved guns and violence. The brothers hired their co-defendant, Joseph Jones, to kill Raymond Dent, an

individual who reportedly stole cocaine from them. Jones shot at the mobile home Dent and others occupied at least five times. Luckily, no one was injured. Of note, a few weeks after this incident, Dent shot into Terrell Gaulden's home and struck him in the leg.

Agents investigating the drug operation used four different confidential informants, on several occasions, to purchase varying amounts of cocaine from the Gaulden brothers, either at their homes or their business location. The largest quantity purchased from Terrell Gaulden at one time, on December 3, 1998, was 30.2 grams of crack cocaine, which underlies Count 10 of the Superseding Indictment. The investigation culminated in the execution of search warrants at the brothers' homes, their business site, and a mobile home across the street from their business, wherein the evidence recovered indicated that the mobile home was used to convert powder cocaine to crack cocaine. The mobile home was located next to a day care and a baseball field. Behind the mobile home, authorities found an abandoned car with marihuana, drug paraphernalia, and four firearms in the unlocked trunk. Another abandoned vehicle also contained marihuana and drug paraphernalia. Further, authorities found firearms in the bedrooms of each brother's respective homes.

With respect to Terrell Gaulden, five of the seven counts of conviction for distribution of crack cocaine (Counts 3, 4, 6, 8 & 10) carried a mandatory minimum sentence of five years and a

2

statutory maximum sentence of forty years imprisonment. At sentencing on July 21, 1999, Terrell Gaulden's guideline range was determined to be 292 to 365 months imprisonment. The Honorable B. Avant Edenfield sentenced Terrell Gaulden to 365 months, plus a consecutive term of 60 months for the 18 U.S.C. § 924(c) firearm conviction, for a total term of 425 months. Terrell Gaulden remains in federal custody to date.

On three prior occasions, Terrell Gaulden has sought sentence reductions based upon a modification of his guideline range. In the exercise of discretion and in consideration of the factors set forth in 18 U.S.C. § 3553(a), this Court has thrice denied Terrell Gaulden's motions. Each time, the Court pointed to the magnitude of the drug operation and the attendant violence and recklessness of the Defendant as grounds for denying a reduction in sentence. (See Order of Sept. 9, 2008 ("The defendant's motion is denied based on the substantial quantity of crack cocaine involved in this case as well as the danger the defendant presents to the community as evidenced by the repeated acts of violence and threatened violence committed by the defendant and his brother." (Edenfield, J.)); Order of Mar. 6, 2012 ("Defendant and his brother's distribution operation was violent, most notably demonstrated by their commissioning of a drive-by shooting over a drug debt. Numerous loaded firearms, two of which having high-capacity magazines, were discovered in close proximity to their stash of drugs and at their homes. . . . In addition, much of their

3

cocaine was stored and 'cooked' in a mobile home adjacent to a site that operated as a children's day care facility." (Edenfield, J.); Order of Sept. 8, 2015 ("The activities of the coconspirators included multi-kilogram quantities of cocaine, the establishment of stash houses, crack 'cooking' operations, and firearms caches adjacent to a daycare center and children's baseball diamond, and was characterized by serious acts of violence and threatened violence, including drive-by shootings." (Bowen, J.).)

At present, Terrell Gaulden contends that the First Step Act entitles him to relief. Section 404 of the First Step Act is the only provision that applies retroactively to defendants who have already been sentenced. Section 404 allows for a reduction of sentence based on the revised *statutory* penalties of the Fair Sentencing Act of 2010, if such reduction was not previously granted. In other words, Section 404 of the First Step Act allows a court to reduce a previously imposed sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 2 of the Fair Sentencing Act increased the drug amounts triggering statutory mandatory minimums for crack trafficking offenses. Section 3 of the Fair Sentencing Act, which has no application here, eliminated the five-year mandatory minimum sentence for simple possession of crack cocaine.

The First Step Act did not affect the sentencing guideline range applicable to Terrell Gaulden. In fact, Terrell Gaulden's

4

amended guideline range remains unchanged from what it was determined to be after implementation of Amendment 782 to the United States Sentencing Guidelines in 2015 - 151 to 188 months, plus a sixty-month consecutive sentence for the § 924(c) conviction. To the extent the Court has been asked to reconsider its sentence upon passage of the First Step Act to one within this guideline range, such motion is denied. The Court has carefully considered each of the sentencing factors in 18 U.S.C. § 3553(a), particularly the nature and circumstances of the offenses, the need for the sentence imposed to reflect the seriousness of the offenses and to provide just punishment for such; and the need for the sentence to protect the public from further crimes of this Defendant. In short, the facts and circumstances as it relates to these factors have not changed over time (and over three prior denials from two other district judges) to warrant a different outcome. The Court hereby exercises its discretion to deny any sentence modification for this Defendant.[1]

That said, the Court must now address Terrell Gaulden's primary argument. Through his § 3582(c) motion, he contends that Section 2 of the Fair Sentencing Act is applicable to him, reducing his statutory minimum and maximum sentences of five to forty years to a maximum of twenty years. To explain, at the time Terrell

---

[1] Importantly, Section 404(c) of the First Step Act provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

Gaulden was sentenced, a violation of 21 U.S.C. § 841(a)(1) carried statutory minimum and maximum sentences of five to forty years for offenses involving more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(B) (1999). The Fair Sentencing Act of 2010 reduced the statutory penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences. Currently, in order to trigger the five to forty year sentencing range, a distribution offense must involve 28 grams or more of crack cocaine. 21 U.S.C. § 841(b)(1)(B) (2019). Distribution of a lower quantity (5 grams or more of crack cocaine) is a violation of 21 U.S.C. § 841(b)(1)(C), which has a statutory maximum of twenty years. Thus, Terrell Gaulden argues that application of the Fair Sentencing Act of 2010 through the First Step Act changes his statutory maximum to 20 years.

Terrell Gaulden is partially correct. In fact, if sentenced today, six of his seven convictions for distribution of crack cocaine would carry a statutory maximum of 20 years. However, as reported in the Presentence Investigation Report through evidence adduced at trial, Count 10 involved a purchase of 30.2 grams of crack cocaine on December 3, 1998. (<u>See</u> Presentence Investigation Report, ¶ 19.) This amount of crack cocaine triggers § 841(b)(1)(B) such that the statutory penalty remains five to forty years as to Count 10. Thus, Terrell Gaulden remains eligible for a sentence up to forty years imprisonment.

Terrell Gaulden argues in his reply brief that the Court cannot use the 30.2 grams of crack cocaine attributable to him by the Presentence Investigation Report to determine his offense of conviction. He essentially argues that drug quantity is an element of the offense and therefore, citing Apprendi v. New Jersey, 530 U.S. 466 (2000) and Alleyne v. United States, 570 U.S. 99 (2013), the drug quantity must be charged in the indictment and determined by a jury.[2]

The Eleventh Circuit has not ruled on the applicability of Apprendi and Alleyne to sentence modifications undertaken under 18 U.S.C. § 3582(c)(1)(B). It has squarely held, however, that a defendant who is entitled to a sentence reduction under § 3582(c)(2) is not entitled to be resentenced in accordance with Apprendi. See United States v. Cherry, 326 F. App'x 523, 527 (11th Cir. 2009) ("A § 3582(c)(2) motion to reduce a sentence does not provide the basis for de novo resentencing. A district court should leave intact its previous factual decisions from the sentencing hearing when deciding whether to reduce a defendant's sentence."). Moreover, the Eleventh Circuit has held that district courts lack jurisdiction to consider a constitutional challenge to

---

[2] In Apprendi, the United States Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maxiumum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In Alleyne, the Supreme Court held that the requirements of Apprendi apply to facts that increase a defendant's mandatory minimum sentence. 570 U.S. at 103. Of note, Apprendi and Alleyne have not been made retroactively applicable to cases on collateral review.

a sentence in a § 3582(c) proceeding. United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000); United States v. Cole, 417 F. App'x 922, 923 (11th Cir. 2011) ("[C]onstitutional challenges are 'extraneous' sentencing issues, and if [the defendant] wishes to challenge the constitutionality of his sentence, the proper method is in collateral attack under 28 U.S.C. § 2255." (quoting Bravo, 203 F.3d at 781-82)). Accordingly, at this point the Court must conclude that Terrell Gaulden is not entitled to the application of the rule in Apprendi or Alleyne and, in accordance with its unobjected-to finding in the Presentence Investigation Report that Terrell Gaulden distributed 30.2 grams of crack cocaine on December 3, 1998, the statutory minimum and maximum sentences of five to forty years remains as to Count 10.[3]  Because Terrell Gaulden's

---

[3] The Court recognizes that there is a split in the district courts on the issue of whether a defendant may challenge the quantity findings of a Presentence Investigation Report under Apprendi and Alleyne in the First Step Act context.  The following courts have refused to apply the principles of Apprendi and Alleyne to First Step Act reduction cases: United States v. Blocker, 378 F. Supp. 3d 1125, 1126 (N.D. Fla. 2019); United States v. Glover, 377 F. Supp. 3d 1346 (S.D. Fla. 2019); and United States v. Banuelos, 2019 WL 2191788 (D. N. Mex. May 21, 2019).  Contrarily, the following cases have applied Alleyne and Apprendi to First Step Act cases: United States v. Simons, 375 F. Supp. 3d 379 (E.D.N.Y. 2019); United States v. Stanback, 377 F. Supp. 3d 618 (W.D. Va. 2019); United States v. Allen, --- F. Supp. 3d ---, 2019 WL 1877072 (D. Conn. Apr. 26, 2019); and United States v. Davis, 2019 WL 1054554 (W.D.N.Y. Mar. 6, 2019).  The Court finds persuasive the observation of the district court in Blocker, which noted that all pre-2010 indictments simply tracked the language of § 841(b)(1)(B), charging distribution of only 5 grams or more of crack cocaine because that was all that was necessary to trigger the statute.  The Blocker court reasoned that if the quantity findings in Presentence Investigation Reports were disregarded in favor of the language in the pre-2010 indictments, "every crack

sentence falls below the statutory maximum of forty years, relief under the First Step Act is not warranted.

Upon the foregoing, Defendant Terrell Gaulden's motion for reduction of sentence (doc. 431) is hereby **DENIED**. Moreover, his motion for the appointment of counsel (doc. 438) is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this 17TH day of July, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

defendant sentenced before the Fair Sentencing Act took effect would be eligible for a reduction," creating an enormous disparity between earlier-indicted crack defendants and later-indicted crack defendants. 378 F. Supp. 3d at 1126. This would certainly be the case here since the Gaulden brothers' distribution operation was rather significant.

9